<u>Leonard Voyles</u>
DOC# <u>270021</u>
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, Indiana 46064

<u>October 26, 2023</u>

Clerk of Court
United States District Court
<u>Southern</u> District of Indiana
<u>46 East C.Hio</u> Street
<u>Indpls</u>, Indiana 4<u>6204</u>

      RE:  Cause No. _____

Dear Clerk:

      Enclosed you will find and original and two copies of my *pro se* §2254 Petition for Writ of Habeas Corpus. I also either enclosed a check for the $5.00 filing fee or a request to proceed in forma pauperis.

      Please file stamp the enclosed motion and present it to the Court for ruling and further instructions.

      Thank you for your cooperation in this matter.

                                    Very truly yours,

                                    *[signature]*

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS
CORPUS BY A PERSON IN STATE CUSTODY SEEKING
REVIEW OF PRISON DISCIPLINARY SANCTION

FILED
11/27/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

| United States District Court | District: Southern District of Indiana |
|---|---|
| Name: Leonard Voyles | Prisoner No.: 270021 | Case No.: 1:23-cv-2139-MPB-TAB |

Place of Confinement: Correctional Industrial Facility, Pendleton, IN

Name of Petitioner (include name under which convicted): Leonard Voyles

v.

Name of Respondent (Superintendent of the institution having custody over petitioner): Wendy Knight

### PETITION

1. Name and location of prison disciplinary body that determined guilt of conviction under attack: Jeremiah Pardue, 5124 W. Reformatory Rd. Pendleton, IN 46064 Correctional Industrial Facility

2. Date of judgment of conviction: 8-2-2023

3. Sanction(s) imposed: $25.00 fee for positive drug test, $3.68 for the ICUP, totalling $28.68 restitution for DHB misc. Demotion of (1) one credit time class and a loss of 90 days.

4. Nature of all infractions (rule violations) involved: Possession/Use of a Controlled Substance B-202

5. What was your plea? (Check one)
   (a) Not Guilty ☒
   (b) Guilty ☐
   (c) Nolo contendre ☐

6. If you pleaded not guilty, what kind of hearing did you have? (Check one)
   (a) Hearing Officer ☒
   (b) Full Hearing ☒

(c) Other Specify _____

7. Did you testify at the disciplinary hearing?    Yes ☒    No ☐

8. Did you appeal the decision of guilt and imposition of sanctions? Yes ☒    No ☐

9. If you did appeal, answer the following:

a. Name and title of institutional reviewing authority: C. Fox Deputy Warden

b. Result of appeal: Denied

c. Date of result: 8-8-2023

d. Grounds raised: 1) Tested the day earlier and was allegedly diluted eventhough wasn't sent to lab. 2) Per Policy 02-03-116, The offender shall be identified by State I.D. ensuring it matches offender, Voyles didn't have ID so policy wasn't followed. 3) Collector didn't follow policy by placing sealed cup into ziplock bag. 4) Per policy 02-04-101 Voyles asked for continuance and evidence but DHB chair person didn't address either one. My name misspelled on Lab Test Requisition form Exhibit (F) and See attached Exhibit (A)

e. If you sought review from any denial of your appeal from a high reviewing authority, answer the following:

i. Name and title of higher reviewing authority: Deborah Reasoner, Appeal Review officer

ii. Result of higher appeal: Denied

iii. Date of result: 8-25-2023

iv. Grounds raised: 1) Facility denied appeal based on "Disciplinary Procedure", not the Policy 02-03-116 Urinalysis Procedure that I raised. The chain of custody was broken by not identifying me by I.D. card had staff of done such Lab "Results" and "Requisition form" would have had correct spelling of offender tested. Facility head didn't address Offender Urinalysis Program Policy 02-03-116 which had multiple chain of custody violations making entire urine test invalid.

10. Other than administrative appeals from the judgment of conviction and sanction(s), have you previously

-2-

filed any petitions, applications or motions with respect to this disciplinary sanction in any court, state or

federal? Yes ☐ No ☒

11. If your answer to 10 was "yes," please give the following information:

a. (1) Name of court: _____

   (2) Nature of proceeding: _____

   _____

   (3) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   _____

   (4) Did you receive an evidentiary hearing on your petition, motion or application? Yes ☐ No ☐

   (5) Result: _____

   (6) Date of result: _____

b. Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, motion or application? Yes ☐ No ☐

12. If you did *not* appeal from any adverse action of any petition, motion or application, explain briefly why you did not:

   N/A _____

---

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same. **CAUTION:** *In order to proceed in federal court, you must ordinarily first exhaust all available administrative appellate remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.*

-3-

A. Ground one: Policy and Procedure 02-03 11c Urinalysis Program

See Exhibit-B and Exhibit-C

Supporting FACTS (state *briefly* without citing cases or law): The chain of custody was not followed by staff. The staff had "Leanard" on Requisition form supporting that they didn't use my ID to verify who I was. The lab results came back as for "Leanard", neither is me, my name is Leonard. Pg 10 of 14 in Policy 02-03-116 states precisely: "The collector shall verify the identity of the offender by looking at the offenders Department Identification Card and ensuring that it matches the offender." Camera/Video footage supports this chain of custody wasn't followed as well as the pertinent laboratory Forms and results, thus leaving this entire conduct report being completed on a LEONARD VOYLES not LEANARD VOYLES as the collector put and lab results had on paperwork

B. Ground two: Due Process Violation See Exhibit-A

Supporting FACTS (state *briefly* without citing cases or law): Per Policy 02-04-101 Disciplinary Hearing, all evidence shall be addressed. Voyles asked for evidence to support violations in policy 02-03-116 chain of custody but as can be seen in attached Exhibit-A none of Voyles' requested evidence was addressed.

-4-


C.  Ground three: Due Process see Exhibit D. and F

Supporting FACTS (state *briefly* without citing cases or law): As can be seen in Exhibit-D, Deputy Warden Fox denied my (Voyles) appeal based on disciplinary procedures, Voyles raised grounds based on the Chain of Custody in Policy 02-03-116 but the warden didn't even address those violations, because Deputy Warden Fox knew the Urinalysis chain of custody wasn't followed properly.

D.  Ground four: Due Process see Exhibit-E and F

Supporting FACTS (state *briefly* without citing cases or law): Final review officer Deborah Reasoner denied final appeal based on Disciplinary Code, Voyles raised policy 02-03-116 Urinalysis Proc. but no one at facility level nor final reviewing office

-5-

addressed the violations in the Chain of Custody. All laboratory documentation is for a "LEANARD" not "LEONARD", thus supporting the chain of custody violations that Voyles raised at all levels

13. If any of the grounds listed in 12A, B, C and D were not previously presented in your administrative appeal, state *briefly* what grounds were not presented and give your reasons for not presenting them: _____

14. Do you have any petition, motion, application or appeal now pending in any court or before any administrative hearing body, either state or federal, as to the disciplinary action under attack?

Yes ☐  No ☒

15. Give the name and prison identification number or title of any inmate or staff law advocate who represented you in the following stages of the disciplinary proceeding under attack:

   a. Disciplinary hearing: Travis Lunsford 137738

   b. Institutional level appeal: _____

-6-

c. Higher level appeal: _____

_____

WHEREFORE, petitioner prays that the Court grant petitioner the following relief <u>Overturn Conduct Conviction and restore lost time and credit class, as to instruct Facility to restore time and credit class and dismiss/overturn finding of guilt due to prevalent violations of policies</u>

as well as any other relief to which the petitioner is entitled under law.

_____
Signature of Petitioner

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: <u>Oct.</u>  <u>26</u>  <u>2023</u>           _____
[Month]  [Day]  [Year]                  Signature of Petitioner